```
                    UNITED STATES DISTRICT COURT                FILED
                       DISTRICT OF CONNECTICUT
                                                          2003 OCT 24  P 2:58
FRANK PALMIERI                    :
                                  :                       US
v.                                :    CIV. NO. 3:03cv00131 (WWE)
                                  :
SPORTS AUTHORITY INC.             :
                                  :
```

### RULING and ORDER

On September 25, 2003, the court heard oral argument on defendant's motion to compel **[doc. #17]** and request for sanctions. At issue is plaintiff's response to interrogatories and requests for production that were due on May 7, 2003, after the court granted plaintiff's request for a 30 day extension of time. As of July 31, 2003, the date of the filing of this motion, plaintiff had failed to respond at all to the production requests. Thereafter, on August 20, 2003, plaintiff provided some responses to interrogatories. On the morning of the September 25, 2003 hearing, plaintiff disclosed some additional documents.

Defendant argues that this production is deficient to such an extent as to be non-responsive. In particular, defendant claims plaintiff has failed to provide defendant with his copy of the employee handbook and to identify the sections which form the basis of the wrongful termination claim at issue in this case. Plaintiff responds that the employee handbook is a document

published by defendant and thus already within the control of the defendant.

Defendant also seeks the identity of the speaker in connection with the defamation claim. Plaintiff responds that he does not have knowledge at this time about the actual identity of the speaker, just that defamatory words were spoken. Plaintiff anticipates that further discovery will lead to more specific information about the speaker.

After hearing from counsel, the court agrees with defendant that the plaintiff's production to date only partially complies with defendant's discovery requests. Accordingly, plaintiff's motion to compel **[doc #17]** is **GRANTED IN PART** and the court orders the following.

Plaintiff shall provide defendants with supplemental documents in response to the first request for production, including plaintiff's copy of the employee handbook.

Plaintiff shall provide supplemental answers to the first set of interrogatories, including the identity to the fullest extent possible of persons involved in the defamation claim.

In light of plaintiff's attempt to comply with discovery requests, defendant's request for sanctions to cover costs and fees is **DENIED**. Plaintiff, however, shall not willfully fail to respond appropriately to this order.

The parties are encouraged to contact chambers should

additional problems arise.

      SO ORDERED at Bridgeport this _22_ day of October 2003.

                                             HOLLY B. FITZSIMMONS
                                             UNITED STATES MAGISTRATE JUDGE